IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| SNAPRAYS, LLC, dba SNAPPOWER,<br><br>Plaintiff,<br><br>vs.<br><br>ONTEL PRODUCTS CORPORATION, TELEBRANDS CORPORATION, ASHOK "CHUCK" KHUBANI, and AJIT "AJ" KHUBANI,<br><br>Defendants. | **TEMPORARY RESTRAINING ORDER**<br><br>Case No. 2:16-CV-01198<br><br>Judge Clark Waddoups |

This matter came before the court on December 1, 2016 on plaintiff's Motion for Temporary Restraining Order. (Dkt. No. 5.) Christine Greenwood and Jennifer Parrish personally appeared on behalf of plaintiff. Frank Smith and John Artz appeared telephonically on behalf of defendants Ashok Khubani and Ontel Products Corporation. Robert Maldonado and Tonya Sayour appeared telephonically on behalf of defendants Ajit Khubani and Telebrands Corporation. After consideration of the motion and the parties' arguments, and for good cause shown pursuant to Federal Rule of Civil Procedure 65, the court ORDERS as follows:

Plaintiff has a substantial likelihood of prevailing on the merits of the claims for which injunctive relief is sought, and there are serious issues on the merits of those claims that warrant further litigation, specifically plaintiff's claims that defendants have violated the Lanham Act,

1

the Utah Unfair Practices Act, and the Utah Unfair Competition Act.  Unless an injunction issues, plaintiff will suffer irreparable harm, including but not limited to permanent injury to its goodwill and reputation, its ability to do business, and/or a loss of business in an amount difficult or impossible to quantify in monetary amount.  The threatened injury to plaintiff outweighs the damage an injunction could cause to defendants, especially in light of defendants' representations that (1) neither defendant is currently running commercials involving plaintiff's products and/or has removed plaintiff's product images and photos from their websites and (2) currently do not have their own competing products available for sale.  An injunction would not be adverse to the public interest.

Therefore, under Rule 65 of the Federal Rules of Civil Procedure, plaintiff is entitled to a temporary restraining order of the following relief:

1. Defendants are ordered to immediately discontinue making any and all false and misleading statements representing as their own products plaintiff's SnapPower Guidelight and SnapPower USB Charger in connection with their advertising and marketing, including using images or photos from plaintiff's web pages or taken of plaintiff's products.

2. Defendants are ordered to cease offering for sale any product offered or sold by SnapPower or any comparable products alleged to be defendants' own that are not currently available for retail sale.

3. Defendants are ordered to immediately cease and desist from marketing and advertising for sale the Night Angel and Luma Plate, including without limitation via telephone, television, through the internet, or in print;

4. Defendants are ordered to immediately take down and discontinue during the pendency of the temporary restraining order the www.buynightangel.com and www.lumaplate.com websites.

5. Defendants are precluded from utilizing any consumer information and market research derived from the use of SnapPower's product images and photos.

6. This order is issued without bond.

7. This order shall be effective upon service of the order on defendants.

8. A Preliminary Injunction hearing is set for December 15, 2016 at 8:30 a.m. unless the parties can agree on another time and date available to the court.

DATED this 1st day of December, 2016.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge