IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| SNAPRAYS, LLC dba SNAPPOWER,<br><br>Plaintiff,<br><br>vs.<br><br>ONTEL PRODUCTS CORPORATION and ASHOK "CHUCK" KHUBANI,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO AMEND**<br><br>Case No. 2:16-cv-01198<br><br>Judge Clark Waddoups |

## INTRODUCTION

This matter is before the court on Defendants' Ontel Products Corporation and Ashok "Chuck" Khubani's (collectively Ontel Defendants) Motion to Dismiss for Lack of Personal Jurisdiction[1] and Plaintiff SnapRay L.L.C., dba SnapPower's, Motion for Leave to Amend.[2]

## BACKGROUND

Ontel Products Corporation ("Ontel") is a New Jersey corporation with its principal place of business in Essex County, New Jersey. Its objective is to market, distribute and sell affordable consumer goods.[3] Ontel's Vice-President of Product Strategy and Business Development Jason Biziak ("Biziak") was "intimately involved in the lighted wall outlet cover

---

[1] Dkt. No. 58.

[2] Dkt. No. 70.

[3] Declaration of Jason Biziak ("Biziak Decl.") at ¶ 4.

1

plate project which resulted in a product Ontel eventually decided to market, distribute and sell under the trademark Night Angel."[4]

Plaintiff SnapRays, L.L.C. dba SnapPower ("SnapPower") is a company based in Utah County.[5] SnapPower designs, manufactures and sells a product it calls Guidelight, which is an electric outlet cover with built-in LED lighting and other related outlet cover products. Ontel's Night Angel product competes with the Guidelight. SnapPower alleges that prior to developing Night Angel the Ontel Defendants purchased its products to examine and duplicate them.[6] In fact, SnapPower claims that between August 29 and November 4, 2016, Ontel's founder and CEO Ashok "Chuck" Khubani ("Khubani") personally purchased product with the intent to create knock-offs.[7] The SnapPower product was shipped to Ontel's business address. In addition, SnapPower alleges the Ontel Defendants marketed Night Angel on a website called www.buynightangel.com, and many of the images on that site are identical or photoshopped images of photographs from SnapPower's website, including a photograph taken in the home of SnapPower's CEO.[8] Finally, SnapPower claims the Ontel Defendants developed a one-minute thirty-second national television commercial by incorporating a marketing video featured on its

---

[4] Biziak Decl. at ¶ 10.

[5] *See* Amended Complaint and Jury Demand (Dkt. No. 57 at ¶ 1).

[6] *Id*. at ¶¶ 13, 29.

[7] *Id*. at ¶ 29.

[8] *Id*. at ¶¶ 14, 24-25, 62-64; *see also* Leishman Decl. at ¶¶ 14-22.

website.[9] SnapPower alleges it did not authorize the use of its website, images or video to any third party.[10]

When the original suit was filed on November 28, 2016, it included two additional defendants, Telebrands Corporation ("Telebrands") and Ajit "AJ" Khubani ("AJ").[11] Telebrands and AJ were later dismissed pursuant to a stipulated motion.[12] The original suit also included four patent claims. With the original complaint, SnapPower filed a Motion for Temporary Restraining Order ("TRO").[13]

The court held a hearing on the TRO, and on December 1, 2016, signed a Temporary Restraining Order. Thereafter, the court, at the request of plaintiff and the Ontel Defendants, entered a Stipulated Preliminary Injunction Order on December 14, 2016.[14] Two months later, on February 14, 2017, the Ontel Defendants field a Motion to Dismiss alleging lack of personal jurisdiction.[15]

Previously, in late January 2017, the Ontel Defendants provided SnapPower with samples of the Night Angel product. The Ontel Defendants contend Night Angel had been "wholly

---

[9] *Id*. at ¶¶ 24-26.

[10] *Id*. at ¶ 14.

[11] Dkt. No. 2.

[12] Dkt. No. 60.

[13] Dkt. No. 5.

[14] Dkt. No. 37.

[15] Dkt. No. 58.

redesigned" and does not infringe on patents owned by SnapPower.[16] They thus moved that SnapPower be required to file an amended complaint removing the four patent infringement claims, which occurred on February 3, 2017.[17] SnapPower, however, reserved its right to amend the complaint if after analyzing the samples it found support for any patent infringement claims.[18] SnapPower asserts it has recently learned the Ontel Defendants have begun to sell Night Angel in "big box" stores such as Walgreens in various locations in Utah County.[19] Likewise, SnapPower asserts that Night Angel is also available for purchase through www.buynightangel.com, and national retailers like Amazon and Target.[20] Thus, SnapPower has filed a motion for leave to amend to re-assert the removed patent claims on March 28, 2017.[21]

## LEGAL STANDARD

The Ontel Defendants move to dismiss the pending complaint under Rule 12(b)(2) of the Federal Rules of Civil Procedure. Where there has been no evidentiary hearing and the court considers a motion to dismiss on the basis of affidavits and the complaint, the plaintiff merely needs to "make a *prima facie* showing of personal jurisdiction."[22] In determining whether such a

---

[16] *Id.*

[17] *See* Dkt. No. 57.

[18] Dkt. No. 76-1.

[19] Dkt. No. 57 at ¶¶ 31-32.

[20] *Id*. at ¶¶28-29, 33.

[21] *See* Dkt. No. 70.

[22] *See Dudnikov v.Chalk & Vermillion Fine Arts, Inc*., 514 F.3d 1063, 1070 (10th Cir. 2008).

4

showing exists, the court is to accept the allegations in the complaint as true and resolve all factual disputes in the plaintiff's favor.[23]

SnapPower moves to amend under Rule 15(a) of the Federal Rules of Civil Procedure. Since SnapPower has already filed an amended pleading as a matter of course, it proceeds under subsection (a)(2).

## ANALYSIS

I. PERSONAL JURISDICTION

Pursuant to Federal Rule of Civil Procedure 12(b)(1), "every defense to a claim for relief" is to be presented by responsive pleading, except certain defenses, which may be asserted by motion. Moreover, "Rule 12(h)(1) specifically states that the defense of lack of personal jurisdiction is waived 'if omitted from a motion in the circumstances described in [Rule 12(g)]'"[24] "The requirement of personal jurisdiction is intended to protect a defendant's liberty interests, and because it represents an individual right, it can be waived."[25] "Rule 12 not only contemplates the lodging of certain defenses at the earliest point in a lawsuit, it mandates a waiver of those defenses if not presented at the first available opportunity."[26]

Here, the Ontel Defendants appeared, though counsel, at the TRO hearing on December 1, 2016. Thereafter, the Ontel Defendants involved the court's jurisdiction by filing a Stipulated

---

[23] *See Rambo v. Am. So. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988).

[24] *Travelers Cas. & Sur. Co. of Am. v. Unistar Fin. Serv. Corp.*, 35 Fed. Appx. 787, 789 (10th Cir. 2002) (*citing* F.R.Civ.P. 12(h)).

[25] *Id.* (*citing Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702-03, 102 S.Ct. 2099 (1982).

[26] *Id.* (*citing U.S. v. 51 Pieces of Real Prop.*, 17 F.3d 1306, 1314 (10th Cir. 1994).

Preliminary Injunction Order on December 13, 2016, which was executed by the court the following day. The Ontel Defendants did not raise or argue personal jurisdiction at either appearance. Instead, they waited two months to file their motion to dismiss for lack of jurisdiction.

The court finds the case of *Wyrough & Loser v. Pelmor Laboratories, Inc.* persuasive. In that case the plaintiff filed a complaint requesting an injunction on February 14, and the preliminary injunction hearing was commenced on February 25.[27] The defendant then filed a motion to dismiss for lack of personal jurisdiction three weeks later on March 18.[28] The District Court dismissed, finding the defendant had waived personal jurisdiction by participating in the preliminary injunction hearing.[29] The Third Circuit affirmed. It observed that "no continuance was requested prior to the opening of the hearing;" "we can discern nothing in defendant's March 18th motion which could not have been presented earlier" and "we believe a hearing on an application for an injunction pendente lite is a vital proceeding."[30] The Third Circuit concluded, "a party who participates in [a preliminary injunction hearing] must be deemed to have waived the defense of lack of personal jurisdiction."[31] The same result must be found in this case.

---

[27] 376 F.2d 543, 545 (3rd Cir. 1967).

[28] *Id*.

[29] *Id*. at 547.

[30] *Id.*

[31] *Id.*

A Tenth Circuit district court reached the same conclusion in *Marquest Med. Prods., Inc. v. EMDE Corp*.[32] In that case, defendants objected to jurisdiction "only after having submitted to an order of this court by their stipulation which restrains them from acting as was requested by [plaintiffs] in its motion for preliminary injunction."[33] All of those same principles control in this case. The Ontel Defendants were not diligent in challenging personal jurisdiction; they did not raise it at their first defensive move. Accordingly, the court concludes the Ontel Defendants have waived their defense of personal jurisdiction. Therefore, it is unnecessary to address the merits of their motion to dismiss for personal jurisdiction, and the motion to dismiss is denied.

II. MOTION TO AMEND

SnapPower contends that pursuant to Rule 15 of the Federal Rules of Civil Procedure, courts "should freely give leave [to amend] when justice so requires."[34] "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."[35] "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties.'"[36] The United States Supreme Court explained:

> In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

---

[32] 496 F. Supp. 1242 (D. Colo. 1980).

[33] *Id*. at 1245.

[34] Dkt. No. 70 at 4.

[35] *Minter v. Prime Equip. Co*., 451 F.3d 1196, 1204 (10th Cir. 2006).

[36] *Id*. (internal citations omitted).

7

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'[37]

Here, SnapPower's motion is timely. At this juncture, no scheduling order has been issued and no discovery has been conducted. Thus, no delay or prejudice will be caused by the amendment. There is no basis to find that the amendment is being brought in bad faith. In fact, SnapPower provided notice of the potential amendment months ago. SnapPower now seeks leave to amend to assert claims for patent infringement and unfair competition after having the opportunity to analyze the Ontel Defendants' redesigned product it received in late January 2017.

The Ontel Defendants argue the amendment would be futile because SnapPower's patents are invalid, both under the prior art doctrine and because SnapPower is not the assignee of Patents 588 and 900.[38] In support of their position, they proffered the declarations of Dr. John A. Palmer and Franklin M. Smith.[39] To consider the proposed amendment to be futile based on the declarations would require the court to consider the claim on the merits.

But "in resolving a motion to amend, when futility of amendment is argued, "[it] is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.'"[40] "A futility objection should not turn into a mini-trial or summary judgment proceeding, without the safeguards normally present for maturation and

---

[37] *Id*.

[38] Dkt. No. 74-3, Exhibits C-D.

[39] Dkt. Nos. 74-2 and 74-3.

[40] *Home Design Servs., Inc. v. Bohnenkamp Const*., Inc., No. 08-cv-02391-WDM-KMT, 2009 WL 2055176, *1 (D. Colo. July10, 2009).

merits-based resolution of claims."[41] Moreover, "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[42]

At this juncture, considering the limited briefing on the validity of the patents, and resolving any ambiguity in favor of SnapPower, the court concludes the issues raised by the Ontel Defendants would be more appropriately addressed through a motion to dismiss or motion for summary judgment. Thus, SnapPower is granted leave to amend its complaint, and the parties should be allowed to litigate the issues on the merits.

## CONCLUSION

IT IS THEREFORE ORDERED THAT the Ontel Defendants' Motion to Dismiss is DENIED and SnapPower's Motion for Leave to Amend is GRANTED.

IT IS SO ORDERED.

DATED this 22nd day of May, 2017.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge

---

[41] *Clearone Commc'n, Inc. v. Chiang*, 2:07-cv-00037-TC, 2007 WL 2572380, *1 (D. Utah, Sept. 5, 2007).

[42] *Sanders v. Anoatubby*, 631 Fed. Appx. 618, 623 (10th Cir. 2015) (proposed amendment properly denied as futile where defendants were entitled to tribal sovereign immunity and amendment did not cure that deficiency); *see also DeHaan v. U.S.*, 3 Fed.Appx. 729, 730 (10th Cir. 2001) (affirming dismissal of proposed constitutional tort claim against government pursuant to sovereign immunity); and *Gray v. Oracle Corp.*, 2:05-cv-534-TS, 2006 WL 2987941, *2 (D. Utah Oct. 17, 2006) (denying motion to amend as futile because plaintiff had not exhausted administrative remedies for ADEA claims).