# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| SNAPRAYS, LLC dba SNAPPOWER, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ONTEL PRODUCTS CORPORATION, a New Jersey corporation; and ASHOK "CHUCK" KHUBANI, an individual residing in New Jersey,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:16-cv-01198-CW-PMW<br><br><br><br>District Judge Clark Waddoups<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Clark Waddoups referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is SnapRays, LLC dba SnapPower's ("Plaintiff") motion to compel.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

On July 26, 2017, Plaintiff served Ontel Products Corporation and Ashok Khubani (collectively, "Defendants") with Plaintiff's first set of requests for production and first set of

---

[1] *See* docket no. 88.

[2] *See* docket no. 91.

interrogatories, which contain ninety-five (95) requests for production and fifteen (15) interrogatories. Defendants have refused to respond substantively to those discovery requests. Defendants argue that discovery at this stage of the case is limited to claim construction issues and, consequently, Plaintiff's discovery requests, which Defendants claim are directed at issues other than claim construction, are premature. As a result of the parties' dispute on this issue, Plaintiff filed the motion before the court, in which it seeks compelled responses to its first set of requests for production and first set of interrogatories from Defendants, as well as an award of reasonable expenses incurred in connection with the instant motion. *See* Fed. R. Civ. P. 37(a)(5)(A).

In support of its motion, Plaintiff argues that there is nothing in the applicable rules or the court's scheduling order that limits discovery to claim construction issues or in some way phases discovery. Accordingly, Plaintiff argues, it is entitled to conduct discovery relating to all claims and defenses. In response, Defendants reiterate their argument that Plaintiff's discovery requests are premature because, according to Defendants, the parties are in a period of limited discovery related to claim construction issues only. In short, the parties disagree upon the effect of the current scheduling order as it relates to phasing discovery into an initial period of claim construction discovery, with other discovery to follow.

The court concludes that phased discovery was contemplated by the current scheduling order. Importantly, the scheduling order specifically sets forth deadlines for discovery "before claim construction."[3] In the court's view, there would be no utility in setting such deadlines if discovery leading up to those deadlines was not limited to claim construction.

---

[3] Docket no. 87 at 3.

Furthermore, the court concludes that phased discovery is entirely appropriate in this case. Although the court expresses no opinion on the ultimate outcome of claim construction, the court's claim construction decision has the potential of narrowing the issues and claims involved in this case. Accordingly, it makes inherent sense for claim construction discovery to take place prior to the parties engaging in other discovery. Once the court renders its claim construction decision, the parties will then be able to focus their discovery efforts more appropriately. This approach will not only provide for an economical use of the parties' resources, but will also serve the general purpose of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1 (providing that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

For those reasons, the court concludes that any discovery not related to claim construction is stayed pending the court's claim construction decision. Accordingly, Plaintiff's motion to compel is granted in part and denied in part. To the extent that Plaintiff's discovery requests seek information not related to claim construction, Defendants are under no obligation, at this time, to respond to those discovery requests. On the other hand, for any of Plaintiff's discovery requests that seek information related to claim construction, Defendants are hereby ordered to respond to those requests within fourteen (14) days of the date of this order. Because the parties did not brief the issue of which of Plaintiff's discovery requests, if any, relate to claim construction, the court will not render an opinion on that issue at this time. Instead, any disputes about whether certain discovery requests are in fact related to claim construction should be

brought before the court by way of appropriate motion after the parties have satisfied their meet-and-confer obligations.

After the court has rendered its claim construction decision, the parties are directed to attempt to agree upon a new scheduling order that addresses any necessary remaining deadlines. If the parties are able to agree, they are directed to submit a stipulated motion for entry of their proposed scheduling order. If the parties are unable to agree, either party may bring the issue of scheduling to the court by way of an appropriate motion. In either case, a motion related to scheduling must be filed within fourteen (14) days of the court's claim construction decision.

As a final matter, the court addresses Plaintiff's request for an award of reasonable expenses incurred in connection with its motion to compel. Given that the court has agreed with Defendants' position, the court concludes that it was substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii). Accordingly, Plaintiff's request is denied. *See id*.

In summary, IT IS HEREBY ORDERED that Plaintiff's motion to compel[4] is GRANTED IN PART and DENIED IN PART, as detailed above.

IT IS SO ORDERED.

DATED this 14th day of September, 2017.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[4] *See* docket no. 91.